UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM SMITH,<br><br>Plaintiff,<br><br>v.<br><br>LEVASSEUR DYER & ASSOCIATES. P.C.,<br><br>Defendant. | Case No. 25-cv-13971<br><br>Honorable Robert J. White |

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT**

I. Introduction

William Smith commenced this Fair Debt Collection Practices Act lawsuit against a Michigan law firm, LeVasseur Dyer & Associates, P.C. (hereinafter, "LeVasseur"). The amended complaint alleges that LeVasseur violated the statute, as well as state law, when it filed a deceptive state-court action to collect outstanding rent and gain possession of Smith's rental apartment on behalf of his landlord.

Before the Court is LeVasseur's motion to dismiss the amended complaint. (ECF No. 10). Smith responded in opposition. (ECF No. 11). LeVasseur did not file a reply. The Court will decide the motion without oral argument pursuant to E.D. Mich. Rule 7.1(f)(2). For the following reasons, the motion is granted.

II. Background

*A. Factual History*

Smith rented an apartment from Greenfield Residences, LLC since 2004. (ECF No. 9, PageID.77, ¶ 14). In September 2024, Greenfield's attorneys, LeVasseur, filed a state-court complaint against Smith for nonpayment of rent. (ECF No. 10-2, PageID.125).

The following month, Smith failed to appear at a scheduled hearing. The state district court entered a default judgment for possession against him, with a redemption amount of $6,675 for outstanding rent and court costs. (ECF No. 9, PageID.81, ¶ 39; ECF No. 10-3, PageID.127). The default judgment authorized Greenfield to "apply for an order evicting the defendant if the defendant does not pay the plaintiff or the court the amount due . . . or does not move out on or before 10/25/2024." (ECF No. 10-3, PageID.127). And it further provided that "[n]o money judgment is entered at this time." *Id.*

On December 11, 2024, Greenfield applied for an order of eviction. (ECF No. 10-5, PageID.133; *see also* ECF No. 10-4, PageID.130). The application did not demand payment or money damages. (ECF No. 10-5, PageID.133). In the interim, Smith filed a motion to set aside the default judgment. (ECF No. 9, PageID.81, ¶ 40; see also ECF No. 10-4, PageID.130).

On December 18, the state district court conducted a hearing on Smith's motion to set aside the default judgment, where LeVasseur allegedly misrepresented that Smith had failed to make any payments towards the delinquent rent.[1] (ECF No. 9, PageID.82 ¶ 43-44). The state district court entered an order of eviction three weeks later, which Smith successfully moved to stay. (ECF No. 10-4, PageID.130-31; ECF No. 10-6, PageID.134).

But at a subsequent hearing, on February 7, LeVasseur convinced the state district court to lift the stay and reissue the eviction order. (ECF No. 9, PageID.82-83, ¶¶ 47-50; ECF No. 10-4, PageID.131). Smith then obtained a court-appointed lawyer and the parties consented to an order for conditional dismissal. (ECF No. 10-7, PageID.135; *see also* ECF No. 10-4, PageID.131). The order vacated the prior judgment, the eviction order, and any previous obligation to pay rent. (ECF No. 10-7, PageID.135). Greenfield's property manager provided Smith with one month of temporary housing at a different address. (*Id.*; *see also* ECF No. 9, PageID.83-84, ¶¶ 53-54; ECF No. 10, PageID.104-05). And with those arrangements in place, the state district judge closed the case. (ECF No. 10-4, PageID.132).

*B. Procedural History*

Smith filed this lawsuit nine months later, in December 2025. (ECF No. 1). The amended complaint asserts violations of the Fair Debt Collection Practices Act

---

[1] Smith failed to appear at this hearing too. (ECF No. 10-4, PageID.130).

("FDCPA"), the Michigan Regulation of Collection Practices Act, and the Michigan Occupational Code. (ECF No. 9, PageID.88-94, ¶¶ 79-96). LeVasseur now moves to dismiss the amended complaint in its entirety. (ECF No. 10).

## III. Legal Standards

When reviewing a motion to dismiss the complaint for failing to state a claim, the Court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) (cleaned up); *see also* Fed. R. Civ. P. 12(b)(6). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quotation omitted).

A plaintiff does not typically need to plead that his causes of action are timely to state a plausible claim for relief. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim"); *Jones v. Bock*, 549 U.S. 199, 216 (2007). That is because the statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). So it is usually inappropriate to dismiss a claim under Rule 12(b)(6) because of untimeliness. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Even still, Rule 12(b)(6) dismissal is proper when the complaint's allegations affirmatively show that a claim is time-barred. *See Jones*, 549 U.S. at 215.

In deciding this motion, the Court may consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). And it may "take judicial notice of proceedings in other courts of record." *Chase v. MaCauley*, 971 F.3d 582, 587 n.1 (6th Cir. 2020) (quotation omitted).

IV. Analysis

*A. FDCPA – Timeliness*

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors[.]" 15 U.S.C. § 1692(e). To achieve this aim, the statute "impos[es] affirmative requirements on debt collectors and prohibit[s] a range of debt-collection practices." *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019). Any claims must be commenced "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

Plaintiffs who assert "several FDCPA violations, some of which occurred within the limitations period and some of which occurred outside that window, will be barred from seeking relief for the untimely violations, but that plaintiff may continue to seek relief for those violations that occurred within the limitations period." *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 259 (6th Cir. 2014); *see also Purnell v. Arrow Fin. Servs., LLC*, 303 F. App'x 297, 301 (6th Cir. 2008).

Nonetheless, "violations that occur within the limitations window must be discrete violations; they cannot be the later effects of an earlier time-barred violation." *Slorp*, 587 F. App'x at 259; *see also Purnell*, 303 F. App'x at 302. "[W]hen a debt collector initiates a deceptive, abusive, or otherwise unfair lawsuit, there is no doubt that the FDCPA claim – insofar as it is viable – accrues on that date." *Slorp*, 587 F. App'x at 258.

Here, LeVasseur filed the "deceptive" state district court complaint on September 5, 2024. (ECF No. 10-4, PageID.129; *see also* ECF No. 10-1, PageID.125). The law firm served Smith with process on September 12.[2] (ECF No. 10-2, PageID.126). And Smith commenced this action on December 10, 2025 – almost three months beyond the expiration of the FDCPA's one-year limitations period. (ECF No. 1). So the complaint is untimely.

Smith contests this result. He maintains that LeVasseur violated the FDCPA each time it misrepresented the amount of outstanding rent during the state-court litigation. He focuses on three separate incidents:

- When LeVasseur filed the December 11, 2024 application and order of eviction, stating that "[n]o payment has been made on

[2] The Sixth Circuit still "hasn't decided whether an FDCPA claim based on another lawsuit accrues at the time of the filing of the lawsuit or instead upon service to the defendant in that suit." *Bouye v. Bruce*, 61 F.4th 485, 491 n.6 (6th Cir. 2023); *see also Slorp*, 587 F. App'x at 258 n.5. But the answer to that question doesn't matter in this case because both the filing and service of the state district court complaint occurred outside the statute of limitations. (ECF No. 10-4, PageID.129; *see also* ECF No. 10-1, PageID.125; ECF No. 10-2, PageID.126).

the judgment or no rent has been received since the date of judgment, except the sum of $0." (ECF No. 10-5, PageID.133).

- When the law firm appeared at the December 18 hearing for Smith's motion to set aside the default judgment and misrepresented that he had failed to pay any rent. (ECF No. 9, PageID.182; ECF No. 11, PageID.150).

- And when it appeared at the February 7 hearing for Smith's motion to stay eviction proceedings and similarly misrepresented that he had failed to pay any rent. (ECF No. 9, PageID.182; ECF No. 11, PageID.150).

(ECF No. 11, PageID.148) (stating that "the three violations at issue in this case are discrete violations, each giving rise to a claim under the FDCPA."). Smith's position is incorrect.

The Sixth Circuit expressly rejected his approach in *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249 (6th Cir. 2014). There, the plaintiff sued a bank and its lawyers under the FDCPA, alleging that the bank's previous mortgage foreclosure suit against him was deceptive and unfair because it was predicated upon an invalid mortgage assignment. *Id.* at 251. The district court ruled that the plaintiff had commenced the FDCPA suit out-of-time because the action post-dated the bank's mortgage foreclosure complaint by more than one-year. *Id.* at 257. And the court precluded the plaintiff from amending the complaint to timely assert that the bank had violated the FDCPA on a separate occasion, when it had opposed the plaintiff's motion for relief from judgment later in the mortgage foreclosure suit. *Id.* at 252, 259.

Affirming the district court, the Sixth Circuit concluded that "[e]ven if the defendants misrepresented their interests in Slorp's mortgage when they opposed his motion for relief, their opposition to Slorp's motion is not independently actionable because it merely gave 'present effect' to deceptive conduct that had occurred" when the bank filed the mortgage foreclosure complaint initially – well beyond the statute of limitations. *Id.* at 259 (quotation omitted). The court of appeals explained that:

> The defendants did not commit a fresh violation of the FDCPA each time they filed pleadings or memoranda reaffirming the legitimacy of their state-court suit; rather, those were the continuing effects of their initial violation. Such effects in themselves have no present legal consequences . . . ***It follows that Slorp was not deceived or abused anew each time the defendants reaffirmed their deceptive statements throughout the litigation.*** Amendment of the complaint to allege a second violation of the FDCPA therefore would have been futile.

*Id.* (internal citations and quotation marks omitted) (emphasis added); *see also Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 F. App'x 268, 273 (6th Cir. 2016) (rejecting the same argument asserted against the same defendants in *Slorp* and holding that the FDCPA claim was untimely because the bank "did not violate the FDCPA anew merely by asserting its interest in the mortgage throughout the state-court action."). These same principles render the instant complaint untimely.

Smith's reliance on *Bouye v. Bruce*, 61 F.4th 485 (6th Cir. 2023) is just as unhelpful. In *Bouye*, the Sixth Circuit found that an attorney's alleged submission of a falsified document – "mid-litigation" – constituted a discrete FDCPA violation,

apart from any claim the plaintiff "would have had on the filing of the state complaint [that] was time-barred." *Id.* at 490; *see also id.* at 493. Because the introduction of the fake document "occurred after the lawsuit was filed," the Sixth Circuit held that the plaintiff's FDCPA claim was "independent of [the] initial filing of the lawsuit – not a continuing effect of it[.]" *Id.* at 493. And it distinguished *Bouye* from *Slorp*, recognizing that "[t]his is not a case where" the offending law firm "simply 'reaffirmed' the legitimacy of the state suit throughout the litigation." *Id.* (quotation omitted).

That distinction is critical. As in *Slorp*, LeVasseur only "reaffirmed" the same position it had first espoused in the state district court complaint. The law firm never deviated from its central theory that Smith had failed to pay the rent. Nor did LeVasseur manufacture evidence supporting Greenfield's claims of non-payment. This type of conduct does not create a separate FDCPA violation triggering its own, distinct limitations period.

Because Smith instituted this lawsuit more than a year after LeVasseur either filed or served him with the state district court complaint, and since the firm's litigation conduct did not produce any new violations, the clock has run on the FDCPA claim.

*B. Supplemental Jurisdiction*

The dismissal of the FDCPA claim ultimately deprives the Court of original jurisdiction. Smith did not state a plausible claim for relief under the FDCPA, so there is no federal question left to decide. 28 U.S.C. § 1331. And as the parties are not diverse, jurisdiction over the remaining state law claims is improper under 28 U.S.C. § 1332. (ECF No. 9, PageID.76, ¶¶ 1, 3) (stating that Smith is a Michigan citizen and LeVasseur is a Michigan professional corporation). *See Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.*, 710 F.2d 87, 89 (2d Cir. 1983) (stating that a professional corporation "is deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."); *see also Michael J. Redenburg, Esq. PC v. Midvale Indem. Co.*, 515 F. Supp. 3d 95, 100 (S.D.N.Y. 2021) (same).

That leaves open the exercise of supplemental jurisdiction. A district court "may decline to exercise supplemental jurisdiction over a claim" where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007). Supplemental jurisdiction "should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of

litigation outweigh our concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).

Here, the likelihood of multiple litigations is minimal. And Smith raises novel issues of statutory interpretation under the Michigan Regulation of Collection Practices Act and the Michigan Occupational Code. Because Michigan state courts are best suited to address those questions, the Court declines to exercise supplemental jurisdiction over the pendent state law claims. Dismissal on this ground "is of course without prejudice." *Experimental Holdings*, 503 F.3d at 522. Accordingly,

IT IS ORDERED that LeVasseur's motion to dismiss the amended complaint (ECF No. 10) is granted.

IT IS FURTHER ORDERED that the FDCPA claim (Count I) is dismissed with prejudice.

IT IS FURTHER ORDERED that the Michigan Regulation of Collection Practices Act and the Michigan Occupational Code claims (Counts II and III) are dismissed without prejudice.

Dated: August 24, 2026

s/ Robert J. White
Robert J. White
United States District Judge